## Frank Hormberger, Appellee, v. Mamie Blackwell et al., Appellants.

1. FRAUDULENT CONVEYANCES—*effect of conveyance for less than true value.* Where the consideration for a conveyance by an insolvent to his creditor is small as compared to the real value of the property, the conveyance will be regarded as voluntary as to the difference between the stated consideration and the real value, and to that extent it will be treated as fraudulent as against other creditors.

2. FRAUDULENT CONVEYANCES—*effect of conveyance of real estate by insolvent to be held in trust for grantor.* A conveyance of real estate by a debtor to another, to be held wholly or partly in trust for the grantor, is a fraud on his other creditors whether so intended or not, since it places beyond their reach a beneficial enjoyment of what rightfully belongs to them.

3. FRAUDULENT CONVEYANCES—*when evidence sufficient to show conveyance by insolvent to creditor fraudulent as to other creditors.* Where an insolvent conveyed property worth in excess of $7,500 to one to whom he was indebted in the sum of $3,000, for a stated consideration of $5,000, and it was agreed that the grantees would pay $1,000 to a son-in-law of the grantor and permit the grantor to occupy the demised premises, at a rental of $30 a month, until a second $1,000 was exhausted, in addition to canceling the in-

debtedness aforesaid, such conveyance was fraudulent as to other creditors.

Appeal by defendants from the City Court of East St. Louis; the Hon. Silas Cook, Judge, presiding. Heard in this court at the March term, 1926. Affirmed. Opinion filed July 9, 1926.

Kramer, Kramer & Campbell, R. E. Costello and Ralph F. Lesemann, for appellants.

Louis Beasley and Edward C. Zulley, for appellee.

Mr. Justice Barry delivered the opinion of the court.

Appellants, Mamie Blackwell and Aurie E. Blackwell, her husband, on October 16, 1918, conveyed to appellee by warranty deed certain premises in the city of East St. Louis. At that time there was a mortgage on the premises for $1,800, which should have been satisfied by the Blackwells. Appellee sued them for a breach of the covenant against incumbrances and, on June 20, 1924, recovered a judgment for $2,440 and costs of suit.

The Blackwells owned a certain other house and lot at 2919 Caseyville Avenue in East St. Louis, and on September 14, 1922, they made a deed to appellant Wolzendorf, a sister of Mrs. Blackwell, which deed recited that the consideration therefor was $1.

Appellee filed a bill in the nature of a creditor's bill to the May Term, 1925, of the city court in which he averred the recovery of the judgment aforesaid, the issue of the execution thereon, and the return of the sheriff showing that there was no property found; that the Blackwells conveyed their property to appellant Wolzendorf on September 14, 1922, as aforesaid, with the fraudulent intent of hindering, delaying and defrauding appellee; that the Blackwells retained some right, title or interest in the premises; that the said conveyance was a fraud upon the rights of ap-

pellee and the same should be set aside and the premises subjected to the payment of his said judgment, and the bill prayed that appellants be required to answer the same under oath.

Appellants filed verified answers to the effect that appellant Wolzendorf loaned the Blackwells about $3,000, which was used by them for the purchase of materials used in the erection of the building upon the premises in question; that shortly after the building was completed appellant Aurie E. Blackwell became sick and was unable to longer perform manual labor and was unable to repay Mrs. Wolzendorf, and that he agreed with her that he and his wife would deed the property to her in full satisfaction of her claim aforesaid. Issues were joined and the cause referred to the master in chancery, who recommended a decree as prayed in the bill. Objections and exceptions to the master's report were overruled and a decree entered as recommended.

If we accept the answers of appellants as absolutely true there is no escape from the conclusion that the conveyance was fraudulent and void as to appellee, to whom the Blackwells were indebted at the time of the conveyance. The answers show that the only consideration for the deed was $3,000 alleged to have been owing by the Blackwells to Mrs. Wolzendorf. The undisputed evidence is that at the time of the conveyance the premises were worth from $7,000 to $7,500. That being true it clearly appears that the Blackwells, while indebted to appellee, made a gift to Mrs. Wolzendorf of more than $4,000, and at a time when they were insolvent. Where the consideration is small compared with the real value of the property, the conveyance will be regarded as voluntary to the extent of the difference between the actual consideration and the real value of the property, and to that extent, will be treated as fraudulent and void as to existing creditors. *Bartel v. Zimmer-*

*man,* 293 Ill. 154; *Keady v. White,* 168 Ill. 76; *Mathews v. Reinhardt,* 149 Ill. 635-343; *Snyder v. Partridge,* 138 Ill. 173-186.

Appellants testified that at the time of the conveyance in question they fixed the value of the premises at $5,000; that $3,000 of the purchase price was to reimburse Mrs. Wolzendorf for money loaned by her to the Blackwells; that it was agreed that Mrs. Wolzendorf would pay $1,000 to Mr. Johnoff, a son-in-law of the Blackwells; that for the remaining $1,000 of the purchase price the Blackwells were to be permitted to occupy the premises in question at the rate of $30 per month until the $1,000 was exhausted. That testimony cannot be considered because the alleged facts were not relied upon in the answers. Appellants cannot rely on facts not set up in their answers even though the proof shows their existence. *Millard v. Millard,* 221 Ill. 86.

Even if we were at liberty to consider the testimony aforesaid, there is another reason why the decree should stand. The deed, in form, was an absolute conveyance of all the right, title and interest in the premises. The testimony shows that the Blackwells retained a secret interest in the premises, that is to say, they reserved the use of the premises for about three years from the date of the deed. The agreed consideration for the conveyance, according to the testimony, was $5,000, whereas the evidence shows the premises were worth from $7,000 to $7,500, so that on the basis that the testimony is true the Blackwells made a gift to Mrs. Wolzendorf of more than $2,000 and at the same time retained an interest in the premises to the extent of $1,000. A conveyance of real estate by a debtor to another, to be held wholly or in part in trust for him, is a fraud on the creditors whether so intended or not, as it places beyond their reach a valuable right and gives to the debtor a beneficial enjoyment of what rightfully belongs to them. *McKey v.*

*Cochran,* 262 Ill. 376-384; *Davidson v. Burke,* 143 Ill. 139; *Beidler v. Crane,* 135 Ill. 92. In any view of the case the conveyance to Mrs. Wolzendorf was fraudulent and void as against appellee to the extent of more than $3,000. His judgment against the Blackwells is for $2,440. The decree is in accordance with the law and the evidence and must be affirmed.

*Affirmed.*