In the Matter of the Estate of Estelle J. Guest, Deceased.

Escha J. Jinnette and Clara J. Walker, Claimants Below-Appellees, v. Ward E. Guest, Executor of the Estate of Estelle J. Guest, Respondent-Appellant.

Gen. No. 48,610.

First District, First Division.

May 21, 1962.

Vyzral & Tavins, of Chicago, for appellant.

Sidley, Austin, Burgess & Smith, of Chicago (Alice M. Bright, John C. Williams and Lee A. Monroe, of counsel), for appellees.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

Respondent, Ward E. Guest, executor of the estate of Estelle J. Guest, deceased, appeals from an order of the Probate Court, which directs that petitioners, Escha J. Jinnette and Clara J. Walker, are to receive shares of stock, bequeathed to them by the decedent, free and clear of any liability for federal estate tax.

The decedent, Estelle J. Guest, died testate on October 14, 1959. Her will was admitted to probate on October 30, 1959, and letters testamentary were issued to respondent, Ward Earl Guest, her husband.

The principal asset of the estate, a block of 2,220 shares of the common stock of D. O. James Manufacturing Co. (hereafter referred to as the Company), a closely held family corporation, was bequeathed, in equal shares, to Escha J. Jinnette and Clara J. Walker, surviving sisters of decedent. The balance of the estate, consisting of a parcel of real estate and some personalty, was left to respondent. The will directed that all inheritance and estate taxes be charged proportionately against the bequest to each sister.

The decedent, Estelle J. Guest, and her sisters, Vivien James, Escha J. Jinnette and Clara J. Walker, were the surviving daughters of D. O. James, the founder of the Company. In 1937, the combined shareholdings of decedent and her sisters represented the controlling interest in the Company. In 1937, only two of the sisters were married, Escha J. Jinnette and

Clara J. Walker. On December 9, 1937, the decedent and her sisters entered into a written agreement providing for the possible sale of the stock and its disposition on the death of a sister. The agreement provided that if any sister should thereafter desire to sell any of her stock, she should first give the other sisters the right to purchase any or all of the shares.

The agreement further provided: "Each of the Sisters shall, upon her death, by her last will and testament, give and bequeath all shares of the Company which she may own at her death, in equal shares, to the surviving Sisters or Sister, if any, then owning any shares of stock in the Company, in absolute ownership," subject to a condition that the surviving husband of any sister would be entitled for life to the income from his deceased wife's shares, or to half the proceeds if the shares should be sold or the Company liquidated, "and after the death of such surviving Husband, said shares shall be owned by said surviving Sisters absolutely, free from any charge or encumbrance, . . . ."

In 1943, decedent married respondent, Ward Earl Guest. Thereafter decedent and respondent entered into a supplemental agreement dated April 24, 1943. Decedent agreed that if respondent survived her, he should receive all income from all shares of the Company standing in her name at the time of her death, subject to disposition of the shares at his death as provided in the agreement of December 9, 1937. Respondent agreed that he would not claim any interest in the shares of the Company "other than the right to receive the income therefrom" after decedent's death. Respondent further agreed that "each and all of the terms of said agreement of December 9, 1937, shall become and remain binding upon him, so far as the same are applicable."

On December 14, 1960, the Superior Court of Cook County, in a declaratory judgment action filed by

respondent, entered a decree that the agreement of December 9, 1937, as supplemented, was valid and enforceable according to its terms and confirmed the rights of petitioners and respondent in the stock under the agreement.

On December 20, 1960, decedent's sisters, Escha J. Jinnette and Clara J. Walker, filed a petition in the Probate Court, which alleges the written agreement of December 9, 1937; that the agreement had been found valid and enforceable in the Superior Court of Cook County; that the provision of decedent's will, attempting to impose liability on petitioners for a portion of the federal estate tax due from her estate, violated the 1937 agreement and should be construed to be of no force and effect.

Respondent answered the petition, asserting that the provision as to estate taxes in decedent's will was valid; that it was not the intention of any of the parties to the 1937 agreement that the surviving sisters should take the Company stock free and clear of federal estate tax charges; that the residuary estate left to him would be completely eliminated by estate taxes if petitioners' theory were sustained; and that the only asset of consequence, other than the Company stock, was the house now resided in by respondent.

The Probate Court found that the will of decedent violates the 1937 agreement, in that it attempts to impose liability on petitioners for part of any federal estate tax that may be due from the estate of decedent. The court ordered distribution to petitioners of all the Company stock, "free and clear of any liability for federal estate tax." This is the order from which respondent appeals.

Respondent contends that the will clearly provides that petitioners are to pay their proportionate share of the federal estate tax; that the contract to dispose

of the stock by will is silent as to the responsibility for paying the taxes; and the Probate Court erred in the entry of the instant order.

Petitioners, not disputing that decedent's will directs the estate tax be charged proportionately against them, contend that the rights of the parties, including the lifetime rights of respondent, are governed by the agreement and not by the will, and that the agreement provides that none of the federal estate tax in decedent's estate may be charged to petitioners. Therefore, the decisive question is whether the stock passed to petitioners under the 1937 agreement or under decedent's will.

■ In Illinois, it is well settled that a contract to devise or bequeath property, if fairly entered into and based upon good consideration, is a valid and binding contract and will be enforced. Where the contract is to devise specific and designated property, like the instant shares of stock, the equitable title vests in the beneficiaries under the contract. Thereafter, the testator holds the legal title in trust for their benefit, and such contracts may be specifically enforced. If the only purpose of the legacy is to carry out the terms of an existing contract, the right of succession to the beneficial interest in the property arises out of the contract and not under the will. The will is the means adopted for carrying out the transaction, and it neither creates nor changes the rights of the beneficiaries. The agreement, and not the will, is the sole source for determining the intention of the parties. The will can neither increase, diminish, nor change the rights under the contract. In re Estate of Johnson, 389 Ill 425, 59 NE2d 825 (1945); In re Estate of Greiner, 412 Ill 591, 594, 107 NE2d 836 (1952).

■ We conclude from the above rule that petitioners take their rights of succession to the stock in

question under the contract and not under decedent's will. Their rights are determined by the contract and cannot be changed by provisions of the will.

■ ■ We do not agree with the further contention of respondent that decedent's testamentary direction, that the estate tax be proportionately charged against the petitioners, "tends to show that the parties to that contract deemed it to be the responsibility of the beneficiaries to pay their proportionate share of taxes." All laws in existence when a contract is made necessarily enter into and form a part of it. (Domeyer v. O'Connell, 364 Ill 467, 470, 4 NE2d 830 (1936); Hindu Incense Mfg. Co. v. MacKenzie, 403 Ill 390, 392, 86 NE2d 214 (1949).) In 1937, at the time the agreement was made, as today, the federal estate tax was treated in Illinois as a claim or expense of administration, payable out of the residuary estate and not a charge against individual legatees unless otherwise specifically directed by the testator. People v. Pasfield, 284 Ill 450, 454, 120 NE 286 (1918); People v. McCormick, 327 Ill 547, 561, 158 NE 861 (1927); First Nat'l Bank of Chicago v. Hart, 383 Ill 489, 497, 50 NE2d 461 (1943).

■ The 1937 agreement provided for a specific bequest to petitioners, "free from any charge or encumbrance," except for the lifetime rights of decedent's husband. We find no ambiguity in this provision. Decedent, by her will, could not diminish petitioners' contract rights nor obligate petitioners for any part of a federal estate tax, in the absence of such a provision in the agreement or ambiguity in the language used. Therefore, we conclude that any federal estate tax occasioned by the transfer of any of the Company stock was intended to be a charge falling as the existing law directed, and that "free from any charge or encumbrance" was intended to include, free from the burden of federal estate taxes.

For the reasons stated, the order of the Probate Court is affirmed.

Affirmed.

BURMAN and ENGLISH, JJ., concur.