357 F.2d 897
 Erna Brand ZEDDIES and Ann Louise Henderson, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sheldon K. RACHMAN, Administrator of the Estate of Robert Zeddies, deceased, et al., Defendants,
Erna Brand Zeddies and Ann Louise Henderson, Defendants-Appellants.
 No. 15329.
 United States Court of Appeals Seventh Circuit.
 March 3, 1966.
 
 1
 John J. Yowell, G. Kent Yowell, Chicago, Ill., for appellants.
 
 
 2
 John B. Jones, Jr., Asst. Atty. Gen., Tax Div., Mark S. Rothman, Atty., Dept. of Justice, Washington, D. C., Edward V. Hanrahan, U. S. Atty., Chicago, Ill., Richard M. Roberts, Acting Asst. Atty. Gen., Meyer Rothwacks, David O. Walter, Attys., Dept. of Justice, Washington, D. C., Erwin I. Katz, Asst. U. S. Atty., of counsel, for appellee.
 
 
 3
 Before HASTINGS, Chief Judge, DUFFY, Circuit Judge, and GRUBB, District Judge.
 
 
 4
 GRUBB, District Judge.
 
 
 5
 This is an appeal from a judgment in favor of the United States in the amount of $417,248.57, together with interest, and declaring the right of the government to foreclose a lien on one-half of certain escrow funds which are the proceeds on the sale of a residential property in the amount of $28,500 to be applied toward satisfaction of the judgment.
 
 
 6
 The property in question, hereinafter referred to as the "Kenilworth" property, was acquired by Robert Zeddies, now deceased, and his wife, Erna Brand Zeddies, in the year 1943, the parties taking title in joint tenancy. In 1953, Robert Zeddies conveyed his interest in the Kenilworth property to his daughter Ann, now Ann Louise Henderson. Robert Zeddies died in the year 1962.
 
 
 7
 The government's claims relate to income tax liabilities of Robert Zeddies for the years 1944 through 1947, during which years Zeddies made certain overceiling payments in avoidance of O.P.A. regulations. A compromise settlement covering the years 1942 through 1947 was proposed by Zeddies in 1949. Thereafter, various court decisions recognized "black market" payments as a part of the cost of goods sold and the Internal Revenue Service acquiesced in this result. The government not having accepted nor rejected the proposed compromise settlement, Zeddies withdrew his offer in 1953.
 
 
 8
 On January 11, 1955, the government formally rejected the offer and the Commissioner gave notice of deficiency which resulted in the Tax Court litigation in which the income tax liability for the years in question was adjudicated. The determination of the Tax Court was affirmed by this court in Zeddies v. Commissioner of Internal Revenue, 264 F.2d 120 (7th Cir. 1959), cert. denied 360 U.S. 910, 79 S.Ct. 1295, 3 L.Ed.2d 1260, rehearing denied 361 U.S. 855, 80 S.Ct. 44, 4 L.Ed.2d 94. Assessment of the deficiency as determined by the Tax Court was made in 1958 and notices of tax liens against all the property of Robert Zeddies were filed in that year.
 
 
 9
 After filing of a suit in state court to remove clouds on the title, which action was removed to federal court by the defendant United States, Civil Action No. 64-C-642, and entry of an order approving an agreement releasing the claimed liens upon the escrow of one-half of the proceeds of sale, a sale of the Kenilworth property was consummated by Erna Zeddies and Ann Louise Henderson in 1964. One day before removal of the state court action, the United States commenced Civil Action No. 64-C-629, seeking to have declared null and void the allegedly fraudulent conveyance in 1953 of the one-half interest in the Kenilworth property from Robert Zeddies to his daughter Ann. These actions were consolidated for purposes of trial and the judgment from which this appeal is taken was entered.
 
 
 10
 The district court found that Erna Zeddies supplied at least 95% of the entire consideration paid in the acquisition of the Kenilworth property in 1943; that it was the intent of Robert and Erna Zeddies at the time they took title in their joint names that Robert Zeddies would have a present interest in the undivided one-half interest in the property and a right of survivorship in the entire property; that no funds were contributed by the daughter Ann towards the purchase price and that Robert Zeddies gratuitously conveyed his interest in said property to his daughter by means of an intermediary.
 
 
 11
 Additionally, it was found that on July 20, 1953, the date of the conveyance from Robert Zeddies to his daughter Ann, Robert Zeddies' total liabilities exceeded his total assets, and that after said gratuitous conveyance, Robert Zeddies failed to retain sufficient assets to satisfy his indebtedness to the United States of America. The court concluded that the 1953 conveyance from Robert Zeddies to his daughter Ann was fraudulent and void as to the United States, and that the government had a right to foreclose federal tax liens that attached to Robert Zeddies' undivided one-half interest in the property.
 
 
 12
 Appellants are Erna Brand Zeddies and Ann Louise Henderson. They challenge certain findings of the district court as not supported by the evidence and contend that the initial acquisition of the Kenilworth property by Robert Zeddies and Erna Zeddies, taking title in joint tenancy, did not constitute a gift from the wife to her husband, but gave rise to a resulting trust since the purchase money was furnished by the wife and, it is claimed, by the daughter. Further, it is contended that the government had failed to meet its burden of establishing that the 1953 conveyance from Robert Zeddies to his daughter Ann was fraudulent in fact or in law.
 
 
 13
 Assuming that the transaction by which Robert and Erna Zeddies acquired the Kenilworth property was in the nature of a gift from the wife to her husband, the government nevertheless cannot rely on foreclosure of its liens, as in United States v. Trilling, 328 F.2d 699 (7th Cir. 1964), because assessment of liability for income tax was made after the taxpayer, Robert Zeddies, had parted with legal title to the property. Statutory liens under Section 6322, Title 26 U.S.C.A. arise at the time assessment is made. United States v. Speers, 382 U.S. 266, 86 S.Ct. 411, fn. 412, 15 L.Ed.2d 314 (1965). In the instant case, the government can only recover on a theory of avoidance of this conveyance as made in fraud of its rights as a creditor. See United States v. Fidelity & Deposit Co. of Maryland, 214 F.2d 565, 568 (5th Cir. 1954).
 
 
 14
 To reach the escrow funds in satisfaction of the outstanding tax liabilities of Robert Zeddies, it must be established that the conveyance from father to daughter was invalid as against the United States because it directly tended to or did impair the rights of the United States as a creditor at the time of the conveyance. Flynn v. O'Dell, 281 F.2d 810, 816 (7th Cir. 1960); Birney v. Solomon, 348 Ill. 410, 414, 181 N.E. 318, 320 (1932).
 
 
 15
 In this respect the district court found that there remained an outstanding balance of income taxes, penalties and interest assessed in 1958; that the 1953 conveyance was gratuitous and at a time when Robert Zeddies' total liabilities exceeded his total assets; and that after said conveyance, Robert Zeddies failed to retain sufficient assets to satisfy his indebtedness to the United States of America. The facts as to the outstanding unpaid taxes and the gratuitousness of the conveyance from father to daughter are not disputed.
 
 
 16
 Review of the entire record discloses the following evidence concerning the financial status of Robert Zeddies. By his offer in compromise in the year 1949, Zeddies recognized a tax liability for a number of years including 1944 through 1947, at least in the amount of $65,000. His financial statement submitted together with his offer listed his interest in the Kenilworth property among his assets. According to this statement, he had no other outstanding debts at that time and would have been able to discharge his tax liabilities in the proposed amount. At that time, Zeddies also anticipated future earnings of some $34,000 annually, subject to exigencies of economic conditions and health.
 
 
 17
 There is no evidence at all concerning Robert Zeddies' assets or liabilities as of the year of the gratuitous conveyance, 1953, or, for that matter, during the period from 1949 until after the assessment was made in 1958. Although it may be inferred that he remembered that he had outstanding tax liabilities for prior years arising from his failure to file correct income tax returns for the years 1942 to 1947 inclusive, since he withdrew his offer made in 1949 it may also be inferred that he believed that the amount of his tax liability would be diminished in view of the deductibility of overpayments as part of the cost of goods sold. In any event, Robert Zeddies did not receive notice of deficiencies for the years in question until January of 1955, more than a year and a half after the time of the conveyance.
 
 
 18
 The evidence of record concerning the financial status of Robert Zeddies at the critical time of the allegedly fraudulent conveyance is insufficient to support the finding that his liabilities exceeded his assets. The district court may have considered the fact that a substantial balance of unpaid taxes remained outstanding at the time of the death of Robert Zeddies and remains outstanding to date, and related this knowledge back to the year 1953 to find that Zeddies failed to retain sufficient assets to satisfy his indebtedness to the United States. In view of the gap of time between the year 1949 and 1958 and later as to which there is no evidence concerning the financial status of Robert Zeddies, the finding lacks basis in evidence of probative value, which would suffice to sustain the burden of the government to show the invalidity of the conveyance.
 
 
 19
 Determinations of fraudulent conveyances in the authorities relied on by the government rest on a firmer evidentiary basis as to the impaired financial condition of the debtor-transferor and the creditor status of the claimant. In Flynn v. O'Dell, 281 F.2d 810 (7th Cir. 1960), the conveyance was within one year of the filing of a petition for bankruptcy and there was evidence of the existence of a secured creditor and other proven debts at the time of the conveyance. The gratuitous transfer of a husband's one-half interest in property jointly held with his wife was within one week after the husband encountered financial difficulties in United States v. Fidelity & Deposit Co. of Maryland, 214 F.2d 565 (5th Cir. 1954). In Spikings v. Ellis, 290 Ill.App. 585, 8 N.E.2d 962 (1937), the conveyance was held fraudulent as to a creditor who had made demand on a note prior to the transfer. In Second National Bank of Robinson v. Jones, 309 Ill.App. 358, 33 N.E.2d 732 (1941), a material event in the series of conveyances, that is, the secret, gratuitous reservation of some mineral leases to the debtor's wife which diminished the husband's assets, took place after the execution of a note on which judgment after default was obtained subsequent to the time of the invalid conveyance. In these cases there was proof of a debt as well as financial impairment antedating or substantially contemporaneous with the conveyance held in fraud of creditors. The government's proof in our case falls short of establishing that the conveyance from Robert Zeddies to his daughter Ann was in fraud of the rights of the United States as a creditor.
 
 
 20
 Our decision that there is failure of proof on the question of the invalidity of the conveyance makes unnecessary a determination whether Robert Zeddies initially acquired his one-half interest in the Kenilworth property as a gift from his wife or on resulting trust, since as noted above, even if there was a gift, there can be no foreclosure of lien in this case and recovery for the government must be based on a showing of the invalidity of the conveyance which antedated the tax assessment.
 
 
 21
 For the foregoing reasons, the judgment of the district court in the consolidated cases is hereby reversed, with directions to enter judgment for the plaintiffs-appellants Erna Brand Zeddies and Ann Louise Henderson and against the defendant-appellee United States in Case No. 64-C-642, and judgment for defendants-appellants Erna Brand Zeddies and Ann Louise Henderson, and against plaintiff-appellee United States in Case No. 64-C-629, dismissing the action.