TRI-STAR CABINET & TOP CO., INC., *et al.*, Plaintiffs-Appellants, *v.* HEATHERWOOD HOMES, INC., Defendant-Appellee.—(PETER RIDDERHOFF, Third-Party Defendant-Appellee.)

Third District   No. 75-468

Opinion filed August 23, 1976.

Codo & Bonds, of Joliet (Bruce L. Zumstein, of counsel), for appellants.

John M. Van Der Aa, of South Holland (James Lanting, of counsel), for appellee Heatherwood Homes, Inc.

Peter Ridderhoff, of Manhattan, for appellee, *pro se.*

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff companies obtained a default judgment for $5,739 against Heatherwood Homes, Inc., a corporation. After discovering the corporate debtor to be defunct and insolvent, plaintiffs filed a citation proceeding to discover assets, joining the corporation president, Peter Ridderhoff, as a third-party defendant under Supreme Court Rule 277 (Ill. Rev. Stat. 1975, ch. 110A, par. 277). At the trial, after some testimony was heard, plaintiffs filed a motion asserting that a conveyance of an improved lot by the corporation to Ridderhoff was fraudulent as to the corporation's creditors and asking that the circuit court either order a reconveyance to the corporation or hold Ridderhoff personally liable for the judgment. After hearing further evidence the trial court found that the conveyance was not fraudulent and that any equity of ownership in the property is vested in E. W. Gardenier. The court then denied plaintiff's motion and dismissed the citation proceeding against Ridderhoff. Plaintiffs appeal from that ruling.

The determinative issue is whether the transfer of property by the corporation to Ridderhoff, its president and major shareholder, without consideration and at a time when the corporation had insufficient property to pay existing debts, was a conveyance that must be set aside as constructively fraudulent as a matter of law regardless of any intent to defraud. Plaintiffs cite *Blocker v. Drain Line Sewer & Water Co.* (2d Dist. 1972), 5 Ill. App. 3d 289, 282 N.E.2d 207; *Wilkey v. Wax* (4th Dist. 1967), 82 Ill. App. 2d 67, 225 N.E.2d 813; *Second National Bank v. Jones* (4th Dist. 1941), 309 Ill. App. 358, 33 N.E.2d 732, and other cases.

The transactions which led to this suit are only partially in dispute. Heatherwood Homes, Inc., was engaged in the business of building and selling shells of houses to be completed by the purchaser. Mr. and Mrs. A. W. Stolzenberger purchased such a house, subject to a $31,700 construction loan mortgage financed by People's Savings and Loan Association of Joliet. The proceeds of the loan had been paid to the corporation. Before completing the house, the Stolzenbergers were divorced, and as a part of the divorce settlement, they reconveyed the property to the corporation on March 19, 1974. Sometime early in 1974 Ridderhoff and E. W. Gardenier, an employee of the corporation, agreed orally that Gardenier would finish the house, take over the mortgage payments, and receive title when he had completed the work.

After that agreement, the corporation transferred the property to Ridderhoff without consideration by a deed dated December 30, 1974, and on the same day Ridderhoff executed a conventional mortgage to People's Saving and Loan Association, and the construction loan was discharged. Although the witnesses were not in agreement, there was testimony that, because the house remained unfinished for such a long period, People's requested the conversion of the construction loan to a conventional loan and further required that title be placed in an individual rather than the corporation which could not qualify for a conventional loan. Ridderhoff testified that he took title because he qualified for a lower interest rate than Gardenier could have obtained.

Gardenier testified that he began working on the house in February of 1974, and personally replaced inadequate wiring and plumbing, completed walls and flooring, and did other finishing work. He made all payments on Ridderhoff's mortgage beginning in January, 1975.

Plaintiffs obtained judgment against the corporation on February 5, 1975, and contend that the December 30, 1974, deed from the corporation to Ridderhoff deprived them of equity in the property which should have remained an asset of the corporation. Plaintiffs point to an appraisal value of $41,624 in December of 1974 and a more recent offer to purchase the property for $42,000, testified to by Gardenier, as indicating that the property had a value greater than the $31,700 mortgage.

The trial court found no fraud against plaintiffs because, under the agreement with Gardenier, any equity in the property belonged, not to the corporation or to Ridderhoff, but to Gardenier, both before and after the disputed conveyance. This finding apparently rested in part on an inference that the appraisal value represented an increase in value attributable to Gardenier's work on the house which he began 10 months before the corporation's conveyance to Ridderhoff. Hence, the conveyance did not place any asset of value out of the reach of corporate creditors, but merely transferred naked legal title to Ridderhoff in furtherance of the agreement with Gardenier.

It is plaintiffs' theory that the facts of these transactions come within the common law fraudulent conveyance rules, as codified in section 4 of "An Act * * * in relation to frauds and perjuries" (Ill. Rev. Stat. 1975, ch. 59, par. 4).[1] Fraudulent conveyances fall into two general classifications: "fraud in law" where there is no consideration for the transfer, and "fraud in fact" where consideration is given but an actual intent to defraud creditors exists.

Fraud is presumed, without showing a specific fraudulent interest, in

---

[1] The parties do not mention the related provisions of the Business Corporation Act (Ill. Rev. Stat. 1975, ch. 32, pars. 157.42—1, 157.42—2) which would also be applicable to this case if plaintiffs' view were to prevail.

those cases involving "fraud in law." In *Second National Bank v. Jones*, it was said:

> "The test of the validity of such voluntary conveyance, as against creditors, is whether or not it directly tended to or did impair the rights of creditors." 309 Ill. App. 358, 365.

In the cases relied upon by plaintiffs, there was no question but that the debtor had transferred to others money or other property of value with a resulting impairment of creditors' rights. Here, however, whether the property had any value which creditors of the corporation could claim was a question of fact which the trial court resolved against plaintiffs.

■■ Plaintiffs suggest that we reject the testimony which supports the decision of the trial court, and instead accept the evidence which is in their favor. We must repeat the time-honored principle that, where the testimony is contradictory, the trial judge as the trier of fact was in a position superior to that of a court of review to observe the conduct of the witnesses, to determine their credibility, to weigh the evidence, and to determine the preponderance thereof. Where, as here, the finding of the trial judge is not manifestly against the weight of the evidence, we will not disturb the judgment of the circuit court. *Schulenburg v. Signatrol, Inc.* (1967), 37 Ill. 2d 352, 226 N.E.2d 624.

Plaintiffs also challenge the trial court's finding that Gardenier holds the entire equity of ownership, which, they argue, creates by implication a constructive trust. Under the evidence set forth in the record, we cannot say that this finding was contrary to the manifest weight of the evidence.

■■■ Plaintiffs' final contention is that the trial court erred in refusing to admit into evidence a letter to their attorney from the corporation's attorney, dated January 31, 1975, stating that the corporation had no assets and that he would not appear at trial on February 5, so plaintiffs could obtain a default judgment. The ruling of the trial court was apparently made "off the record" and the reason for exclusion of the letter is not clear. However, the contents of the letter are largely cumulative of other evidence before the court, and we are not persuaded that plaintiffs were unduly prejudiced by its exclusion.

In summary, while the conflicting testimony in the record might support a judgment in favor of plaintiffs, it is also sufficient to support the order of the trial court in favor of defendants. In such a case, it is our duty to affirm.

Affirmed.

ALLOY, P. J., and BARRY, J., concur.