Alexander TCHEREPNIN et al., Plaintiffs,

v.

Robert FRANZ et al., Defendants.

No. 64 C 1285.

United States District Court, N. D. Illinois, E. D.

Aug. 15, 1979.

Don H. Reuben, James A. Klenk, Reuben & Proctor, Chicago, Ill., for receiver.

Laura R. Singer, Karon, Morrison & Savikas, J. Fred Schlafly, Schlafly, Godfrey & Fitzgerald, Alton, Ill., Edward Macie, El-

ward & Macie, Chicago, Ill., Raymond F. McNally, Jr., St. Louis, Mo., L. Edward Bryant, Jr., Gardner, Carton & Douglas, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on the motion of defendants Vincent Schroeder and Martin Schroeder to dismiss Count X of the Amended First Crosscomplaint of the City Savings Association, by its receiver Samuel Berke, [hereinafter the receiver], for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) and the motion of the receiver pursuant to Fed.R. Civ.P. 56 for entry of summary judgment on Count X. For the reasons hereinafter stated, the motion of Vincent and Martin Schroeder to dismiss shall be denied, and the motion of the receiver for summary judgment shall be granted.

Count X is part of the protracted litigation arising out of the collapse of the City Savings Association, a savings and loan association chartered by the State of Illinois and presently under the control of a federal receiver.[1] This count is brought by the defendant and crossplaintiff receiver to set aside a fraudulent conveyance pursuant to Ill.Rev.Stat. ch. 59, § 4 (1977), and Fed.R. Civ.P. 18. Named and joined as defendants are crossdefendant First National Bank & Trust Co. in Alton, Illinois, as executor of the Estate of Joseph E. Knight, and defendants Vincent and Martin Schroeder.

On January 15, 1969, the receiver filed its first crosscomplaint praying that judgment be entered against Knight for $15,295,711. On September 23, 1969, the receiver filed an amended first crosscomplaint against Knight stating a claim in excess of $20,000,-000. This court granted the receiver's motion for summary judgment against the executor of the Knight estate,[2] on April 14, 1975, reported at 393 F.Supp. 1197 (N.D.Ill. 1975), and entered judgment against the estate on November 30, 1976, in the amount of $13,969,504, reported at 424 F.Supp. 778 (N.D.Ill.1976). The judgment was affirmed by the Seventh Circuit Court of Appeals on January 23, 1978, reported at 570 F.2d 187 (7th Cir. 1978). The United States Supreme Court denied certiorari, reported at 439 U.S. 876, 99 S.Ct. 214, 58 L.Ed.2d 190 (1978).

In Count X, the receiver alleges that the assets of the estate of Knight are insufficient to satisfy its judgment against the Knight estate. Thus, the receiver seeks to set aside a conveyance by an agreement for a warranty deed of real estate in Jersey County, Illinois, executed by Joseph E. Knight and Helen Knight, the mother of Joseph Knight, conveyed to Martin and Vincent Schroeder on January 2, 1970, during the pendency of the receiver's action against Joseph E. Knight. The agreed purchase price for the property was $125,000. The Schroeders made a down payment of $10,000 and agreed to make payments of $10,000 a year plus interest every year thereafter until the balance due has been liquidated. The agreement further provided that if both Joseph and Helen Knight died prior to the completion of the payment schedule, then the Schroeders' outstanding debt was extinguished and an escrow agent who had custody of the warranty deed was directed to deliver title to the property to the Schroeders.

Helen Knight died on September 14, 1970. By the terms of the contract, the Schroeder's annual payments became the "sole property" of Joseph Knight. Joseph Knight died on April 2, 1973. By that date Knight had received a total of $40,000 for the conveyance of the property in question.

On April 6, 1973, a petition for the appointment of an administrator for the estate of Joseph Knight was filed in the Circuit Court for the Seventh Judicial Circuit of Illinois, Jersey County [hereinafter circuit court of Illinois]. The petition for pro-

1. The long and protracted history of the City Savings litigation is detailed in *Tcherepnin v. Franz*, 439 F.Supp. 1340, 1342 n. 1 (N.D.Ill. 1977) [hereinafter cited as *Tcherepnin I*].

2. The executor of the Knight estate was substituted as defendant after Knight's death in 1973.

bate of Knight's will was filed in the circuit court of Illinois on April 13, 1973, and the will was admitted to probate on May 16, 1973.

The executor of the Knight estate filed a petition for the completion of the contract between the Knights and the Schroeders on October 9, 1973. The executor stated in its petition that the agreement for warranty deed provided that upon the deaths of Joseph and Helen Knight full title to the subject property passed to the Schroeders. The petition further provided that if the circuit court of Illinois agreed with this interpretation of the contract, the court shall enter an order directing the escrow agent to deliver the warranty deed to the Schroeders. On December 8, 1973, the court issued an order stating its agreement with the executor that full title to the real estate passed upon the deaths of Helen and Joseph Knight and that the escrow agent should deliver the warranty deed to the Schroeder brothers. The warranty deed was delivered to the Schroeder brothers and the Knight estate has had no interest in the property since that time.

The Schroeder brothers seek to dismiss Count X on the grounds that based on the doctrine of prior exclusive jurisdiction, the circuit court of Illinois has exclusive jurisdiction and that this federal court action is an impermissible collateral attack upon a state court judgment. The receiver seeks summary judgment on Count X on the ground that Knight's conveyance of real estate to the Schroeder brothers constitutes a partial fraudulent conveyance under Illinois law. Both motions have been fully briefed.

I. The Schroeder Brothers' Motion to Dismiss

A. *Prior Exclusive Jurisdiction*

The Schroeder brothers contend that the circuit court of Illinois asserted jurisdiction over the property in question and rendered a judgment regarding that property. Thus, they contend that the doctrine of prior exclusive jurisdiction precludes this court from asserting jurisdiction over the property at issue.

The doctrine of prior exclusive jurisdiction provides that where two courts have concurrent jurisdiction and two in rem actions are pending, the court which first acquired jurisdiction over the property must be granted exclusive jurisdiction. *Kline v. Burke Construction Co.*, 260 U.S. 226, 229, 43 S.Ct. 79, 67 L.Ed. 226 (1922). This doctrine of prior exclusive jurisdiction is not applicable here because the conditions for the application of the doctrine are not present. First, no concurrent state court action is pending. There is no property in the possession of the circuit court of Illinois, so the present action makes no attempt to take property out of the jurisdiction of the state court. *Lion Bonding & Surety Co. v. Kavatz*, 262 U.S. 77, 88, 90, 43 S.Ct. 480, 67 L.Ed. 871 (1923); *Fischer v. American United Life Insurance Co.*, 314 U.S. 549, 553–54, 62 S.Ct. 380, 86 L.Ed. 444 (1942) [hereinafter *Fischer*]. Thus, the doctrine of prior exclusive jurisdiction does not bar the present action. *Fischer, supra* at 554–55, 62 S.Ct. 380. Second, two in rem actions are not pending. Because a fraudulent conveyance action is an in personam action rather than an in rem action, under both Illinois and Federal common law, *Tcherepnin I, supra* at 1345, there is no interference by this court with any exercise of in rem jurisdiction by the Illinois state court.

The doctrine of prior exclusive jurisdiction is not applicable to this in personam action even though the rights of the parties in the *res* are at issue. *Kline v. Burke Construction Co., supra*, 260 U.S. at 231–32, 43 S.Ct. 79; *Fischer, supra* 314 U.S. at 555, 62 S.Ct. 380. Because a personal judgment is sought in this fraudulent conveyance action, this court "is fully capable of preventing inappropriate conversion of the suit to a proceeding truly in rem" and of preventing interference with any previous assertion of in rem jurisdiction by the circuit court of Illinois. *Central States, Southeast and Southwest Areas Health and Welfare Fund v. Old Security Life Insurance Co.*, 600 F.2d 671 (7th Cir. 1979). Thus, the assertion of Federal jurisdiction is not barred in these

circumstances especially because determination of the issues presented here does not require an examination of the issues presented before the circuit court of Illinois. See *Kittredge v. Stevens*, 126 F.2d 263, 267 (1st Dist.) *cert. denied*, 307 U.S. 642, 63 S.Ct. 64, 87 L.Ed. 517 (1942).

■ The Schroeder brothers further argue that this federal court action is an improper collateral attack upon a state court judgment warranting dismissal for lack of subject matter jurisdiction. This fraudulent conveyance action is not an action like that in *Holley v. General American Life Insurance Co.*, 101 F.2d 172, 173–74 (8th Cir. 1939), where a complainant and intervenor sought the interference of a federal court in matters within the exclusive jurisdiction and control of a state court so as to constitute a collateral attack. Because the present action is an in personam action, there is no interference with the limited assertion of in rem jurisdiction by the circuit court of Illinois. *General Atomic Co. v. Felter*, 434 U.S. 12, 17, 98 S.Ct. 76, 54 L.Ed.2d 199 (1977); *Central States, Southeast and Southwest Areas Welfare Fund v. Old Security Life Insurance Co.*, 600 F.2d 671, 675 n. 7 (7th Cir. 1979).

Furthermore, Ill.Rev.Stat. ch. 110½, § 20–17 does not require any action by the probate court to complete a contract of a decedent. The executor of the Knight estate sought confirmation by the circuit court of Illinois of the explicit directive of the contract between the Knights and Schroeders to transfer the full title to the real estate on the death of the Knights to the Schroeders. The executors sought court approval to relieve itself of any personal liability for its actions. See *Kadish v. Lyon*, 229 Ill. 35, 41, 82 N.E. 194 (1907). The contract rather than any order of the circuit court of Illinois is the basis for any rights the Schroeders have in the subject property. *Jinnette v. Guest*, 35 Ill.App.2d 434, 439, 183 N.E.2d 194 (1st Dist. 1962). Thus, the policies of prior exclusive jurisdiction and collateral attack to prevent interference with the exercise of state court jurisdiction over specific property are in no way affected by adju-dication of this fraudulent conveyance action.

Because neither the doctrines of prior exclusive jurisdiction nor of collateral attack are applicable to the present fraudulent conveyance action, the motion to dismiss for lack of subject matter jurisdiction will be denied.

II. Receiver's Motion for Summary Judgment

■ The receiver seeks a finding that the conveyance by the Knights to the Schroeder brothers constituted a fraudulent conveyance in violation of Ill.Rev.Stat. ch. 59, § 4. Ill.Stat. ch. 59, § 4 provides that:

> Every gift, grant, conveyance, assignment or transfer of, or charge upon any estate, real or personal, or right or thing in action, or any rent or profit thereof, made with the intent to disturb, delay, hinder or defraud creditors or other persons, and every bond or other evidence of debt given, suit commenced, or judgment entered, with like intent, shall be void as against such creditors, purchasers and other persons.

Illinois courts have divided fraudulent conveyance cases into two categories: fraud in law and fraud in fact. *Wilkey v. Wax*, 82 Ill.App.2d 67, 70, 225 N.E.2d 813 (1st Dist. 1967); *Second National Bank v. Jones*, 309 Ill.App. 358, 365, 33 N.E.2d 732 (4th Dist. 1941). The proof requirements for these categories differ so that in fraud in fact cases, a court must find a specific intent to defraud creditors, while in fraud in law cases, fraud is presumed from the circumstances. *Wilkey v. Wax, supra* at 70, 225 N.E.2d 813.

■ The receiver is proceeding on the theory that Knight's conveyance to the Schroeder brothers of the real estate constituted partial fraud in law. For a finding of fraud in law, there must be a voluntary transfer without consideration, and the transfer must impair the rights of creditors. *Second National Bank v. Jones, supra* at 365, 33 N.E.2d 732. To prove fraud in law the following must be shown: first, a voluntary gift; second, an existing or contem-

plated indebtedness against the debtor; and third, the failure of the debtor to retain sufficient property to pay the indebtedness. *Mills v. Susanka*, 394 Ill. 439, 448, 68 N.E.2d 904 (1946); *State Bank v. Barnett*, 250 Ill. 312, 317–18, 95 N.E. 178 (1911).

There can be no serious dispute that the second and third requirements to prove fraud in law have been met as fully discussed in *Tcherepnin v. Franz*, 457 F.Supp. 832, 838–39 (N.D.Ill.1978) [hereinafter *Tcherepnin II*]. Neither the Schroeder brothers nor the executor of the Knight estate contest the receiver's proof. The receiver had a contemplated indebtedness against Joseph Knight as a tort claimant at the time of the conveyance of real estate to the Schroeders. *Id.* at 838–39. In addition, Knight did not retain sufficient property to pay the receiver's judgment of $13,969,504 against Knight. *Id.* at 839.

The focus of the dispute between the receiver and the Schroeder brothers concerns fulfillment of the first requirement: whether the conveyance by the Knights to the Schroeders was a voluntary gift. The receiver contends that the conveyance was a voluntary gift to the extent of the difference between the real value of the property and the actual consideration paid by the Schroeders to the Knights. The Schroeders respond that they have paid sufficient consideration for the conveyance.

Where a conveyance is made for a valuable consideration, the creditor must prove an intent to defraud. *Third National Bank v. Norris*, 331 Ill. 230, 234, 162 N.E. 829 (1928). Where a conveyance is made without consideration and where the transfer directly tends to or does impair the rights of creditors, fraud in law can be found and the question of fraudulent intent is immaterial. *Second National Bank v. Jones, supra*, 309 Ill.App. at 365, 33 N.E.2d 732.

In the circumstances here, where consideration for the conveyance had been specified but only partially paid, fraud in law can be found in the following circumstances:

[I]f the consideration which is paid for the transfer is very small in comparison to the value of the property, and where the circumstances attending the transfer are extremely unfavorable to the fairness of the transaction (though not sufficient to establish absolute fraud), the conveyance is regarded as a voluntary one to the extent of the difference between the actual consideration and the real value of the property, and to the extent is treated as fraudulent and void as to existing creditors. *Snyder v. Partridge*, 138 Ill. 173, 29 N.E. 851; *Second National Bank v. Jones, supra* 309 Ill.App. at 366, 33 N.E.2d 732, 736.

In the circumstances here, Knight contracted to sell the property to the Schroeders for $125,000. Less than one-third of the total purchase price, $40,000, had been paid to Knight as consideration for the transfer at the time title passed to the Schroeders on Joseph Knight's death.

The consideration paid by the Schroeders was small compared with the real value of the property. In addition, the forgiveness of the remainder of the debt due by the Schroeders to Knight impaired the right of the receiver as creditor of the Knight estate. *Hormberger v. Blackwell*, 241 Ill.App. 398, 400 (4th Dist. 1926). These circumstances support the application of the partial consideration rule and a finding of voluntary gift to the extent of the difference between the $40,000 the Schroeders paid to the Knights and the real value of the property. *Id.; Morris v. Flenner*, 25 F.2d 211 (E.D.Ill.1928).

The Schroeders contend that their consideration was sufficient when viewed at the time when the Schroeders and the Knights entered into their agreement. The Schroeders' contention is contrary to the policy of the fraud in law cases. The intention of the parties at the time of contract is not controlling where the effect of the contractual transfer is to impair the rights of creditors. *Second National Bank v. Jones, supra*, 309 Ill.App. at 365, 33 N.E.2d 732; *Landers Frary & Clark v. Vischer Products Co.*, 201 F.2d 319, 324 (7th Cir. 1953). Here,

the effect of the contractual transfer was to impair the rights of the receiver, a creditor. If the outstanding balance of the purchase price had not been forgiven at Knight's death by the operation of the contract agreement, the balance would have become an asset of the Knight estate and could have been applied to satisfy the receiver's judgment against the estate.

Because all of the elements necessary for a finding of fraud in law are present, the receiver's motion for summary judgment will be granted. The Schroeders are liable to the receiver for the difference between the value of the property conveyed by the Knights and the $40,000 consideration paid to the Knights, plus accumulated interest at 7% from December, 1973.

CONCLUSION

For the reasons stated, it is therefore ordered that the Schroeders' motion to dismiss shall be, and the same is hereby, denied, and the motion of the receiver for summary judgment shall be and the same is hereby, granted.

The court will reserve the entry of a Fed.R.Civ.P. 54(b) judgment until the receiver presents to the court a suitable form of judgment order.