LURA JEAN REAGAN, a/k/a Lura Jean Baird, Plaintiff-Appellant, v. GLENN A. BAIRD *et al.*, Defendants (Omalee Baird, Defendant-Appellee).

Fourth District   No. 4—85—0149

Opinion filed December 20, 1985.—Modified on denial of rehearing January 31, 1986.

William J. Anaya, of Manion, Janov, Edgar, Devens & Fahey, Ltd., of Danville, for appellant.

Thomas M. Goodwin, of Dougherty, Hofmann & Goodwin, of Danville, for appellee.

JUSTICE TRAPP delivered the opinion of the court:

The plaintiff, Lura Jean Reagan (Reagan), appeals the dismissal with prejudice of her amended complaint to set aside an alleged fraudulent conveyance by the defendants Glenn and Wanda Baird to defendant Omalee Baird (Omalee) with the alleged objective of preventing Reagan from collecting past-due child support payments from the defendant Glenn Baird.

Omalee's motion to dismiss this appeal, taken with the case, urges that this court has no jurisdiction to consider whether the circuit court properly dismissed that amended complaint because the circuit court has not yet entered a final appealable order in this cause and

has not made a finding pursuant to Supreme Court Rule 304(a) (103 Ill. 2d R. 304(a)), that there is no just reason for delaying enforcement or appeal of the order of dismissal. A consideration of the history of the proceedings below is essential to resolution of the question of whether this case is properly before us.

Reagan filed her initial complaint requesting cancellation of the alleged fraudulent conveyance from Glenn and Wanda to Omalee on May 10, 1983. Following the dismissal of that complaint on Reagan's stipulation on August 8, 1983, Reagan, on September 9, 1983, filed an amended complaint premised on the same cause of action sought to be stated in her initial complaint.

On July 13, 1984, the circuit court dismissed Reagan's amended complaint on Omalee's motion. Reagan subsequently filed a timely notice of appeal from that order. However, on October 31, 1984, we dismissed the appeal as premature, as the amended complaint was dismissed upon the motion of Omalee, and was effective only as to her but there was no finding pursuant to Rule 304(a).

On November 10, 1984, Reagan filed a motion for reconsideration of the circuit court's July 13, 1984, decision, as well as a motion for a finding pursuant to Rule 304(a) that there was no just reason for delaying enforcement or appeal of that order. The latter motion alleged that the locations of Glenn and Wanda Baird were unknown to Reagan. The circuit court denied both of the above motions on January 10, 1985.

On February 5, 1985, Reagan filed a pleading entitled "Motion to Dismiss and for a Special Finding." In that motion, Reagan alleged that upon due diligence, Glenn and Wanda Baird could not be found, and that they had not been served with process. On this basis, Reagan requested that the action be dismissed without prejudice as to Glenn and Wanda and that the court find that "no just reason now exists to delay the appeal." On February 13, 1985, the circuit court dismissed the cause without prejudice as to Glenn and Wanda, but did not expressly rule upon Reagan's request for a finding that there was no reason to delay appeal. This appeal followed.

As the basis for her argument that we have no jurisdiction to consider this appeal, Omalee points out that there is no finding pursuant to Supreme Court Rule 304(a) that there is no just reason for delaying enforcement or appeal of the circuit court's order of July 13, 1984, and maintains that in the absence of such a finding, the circuit court's order of dismissal is not final. She contends that only a Rule 304(a) finding could confer the requisite finality on the July 13, 1984, order, because the order was entered "without prejudice" as to Glenn

and Wanda and thus did not adjudicate the rights and liabilities of all of the parties or dispose of the entire litigation, and because Glenn and Wanda Baird are necessary parties, without the participation of whom the action cannot effectively be joined. We disagree and hold that we have jurisdiction to consider the merits of the question presented by this appeal.

Initially, we note that the voluntary dismissal of parties defendant to a lawsuit at the request of the plaintiff, or in other words a nonsuit as to such parties, places the litigation in the same posture as if no suit had ever been filed with respect to the nonsuited defendants, and that after such action, the cause is in the same condition as if suit had originally been brought against only the remaining defendant(s). (See *Cook v. Stewart McKee & Co.* (1945), 68 Cal. App. 2d 758, 157 P.2d 868.) Moreover, contrary to Omalee's contention, a voluntary nonsuit constitutes a termination of the action with respect to the parties nonsuited, even where, as here, and as is usually the case, the action is dismissed "without prejudice" as to the nonsuited parties. Ill. Rev. Stat. 1983, ch. 110, par. 2—1009; 27 C.J.S. *Dismissal & Nonsuit* sec. 39, at 376-77 (1959).

The Historical and Practice Notes following section 2—1009 of the Code of Civil Procedure (Ill. Ann. Stat., ch. 110, par. 2—1009, Historical and Practice Notes, at 417 (Smith-Hurd 1983)) describe the ambit and purpose of this section of the statute stating:

> "But where this section's terms are met, the rights it gives are absolute, and the dismissal must be granted even though the moving party shortly thereafter commences a new action substantially similar to the one just dismissed. [Citations.]"

In *In re Marriage of Wright* (1981), 92 Ill. App. 3d 708, 710, 415 N.E.2d 1196, 1199, *vacated on other grounds* (1982), 89 Ill. 2d 498, 434 N.E.2d 293, the court noted that the reference "without prejudice" does not refer to prejudice to the rights of the defendant but rather:

> "The phrase "without prejudice' is an ancient one, and signifies only that the dismissal has been taken with no decision on the merits of the case, and therefore without prejudice to refiling. See *People ex rel. Waite v. Bristow* (1945), 391 Ill. 101, 110, 62 N.E.2d 545."

The two cases cited in support of Omalee's position as to this issue (*Arnold Schaffner Inc. v. Goodman* (1979), 73 Ill. App. 3d 729, 392 N.E.2d 375; *Peterson v. Tazewell County* (1975), 29 Ill. App. 3d 915, 330 N.E.2d 888) do not require a different conclusion, for both cases simply hold that for an order of dismissal to be final and appeal-

able, it must be entered "with prejudice" as to at least some of the parties or claims. This situation pertains in the case at bar with respect to the July 13, 1984, order dismissing the action "with prejudice" at the instance of Omalee.

Because the circuit court's order from which Reagan appeals adjudicated the rights and liabilities of all of the persons who are presently parties to this action, the only remaining matter which we need consider in order to resolve the question of our jurisdiction to consider this appeal is whether Glenn and Wanda Baird are necessary parties to this litigation. In support of her contention that they are, Omalee cites *Lux v. Lelija* (1956), 11 Ill. App. 2d 333, 137 N.E.2d 280 (abstract of opinion), and *Tcherepnin v. Franz* (N.D. Ill. 1977), 439 F. Supp. 1340. *Lux* did not involve an alleged fraudulent conveyance. Rather, the holding of that case, as it relates to the issue of necessary parties, is that the administrator of an estate which may have an interest in property to be partitioned is a necessary party to the partition proceeding. *Tcherepnin* did involve a fraudulent conveyance, and the case does contain a statement that in an action to set aside an alleged fraudulent conveyance such as the one there at issue, "all parties who may be interested or affected by the judgment of the court should be joined as parties." (439 F. Supp. 1340, 1343, citing 20 Ill. L. & Prac. *Fraudulent Conveyances* sec. 262, at 215-16 (1956).) In Illinois Law and Practice the above quoted statement is, however, qualified to the extent that the grantor is deemed a necessary party only when the conveyance sought to be set aside contains covenants of warranty. (20 Ill. L. & Prac. *Fraudulent Conveyances* sec. 262, at 216 (1956).) The deed involved in the case at bar is a quitclaim deed, containing no such covenants. *Tcherepnin* also is distinguishable on its facts in that there a party joined as a defendant sought dismissal from the action on the ground that it was not a necessary party to the dispute. Furthermore, the decisions are virtually unanimous in holding that the spouse of a debtor is not a necessary party to a fraudulent conveyance action, even if she joined in the conveyance alleged to be fraudulent, as did Wanda Baird. Annot., 24 A.L.R.2d 381, 416-17 (1952).

Hindsight reveals that the situation which resulted in Reagan's having to take nonsuits against Glenn and Wanda Baird could probably have been avoided by Reagan's serving them by publication and then taking default judgments against them. (See Ill. Rev. Stat. 1983, ch. 110, pars. 2—207, 2—1301(d).) Because, however, the nonsuits altered the status of the cause to that of there being final judgments as to all of the parties and were thus the events which first rendered the

July 13, 1984, order of dismissal appealable (*cf. Village of Pawnee v. Knostman* (1983), 115 Ill. App. 3d 842, 450 N.E.2d 1272), we conclude that we have jurisdiction to consider this appeal and therefore deny Omalee's motion to dismiss.

We now turn to the questions raised by the parties relative to the trial court's rulings in this cause. Reagan first asserts that the circuit court abused its discretion in failing to find pursuant to Rule 304(a) that no just reason existed to delay appeal. This issue is, however, mooted by our decision that the nonsuits as to Glenn and Wanda Baird rendered the order of dismissal final and appealable.

Omalee seeks to defend the circuit court's dismissal of Reagan's amended complaint by asserting that the complaint fails to state the factual elements necessary to establish a fraudulent conveyance and to obtain an order setting it aside because: (1) it does not allege what right of Reagan's was disturbed, delayed or hindered by the alleged fraudulent conveyance; (2) it does not properly allege facts under which Reagan can be deemed to have been a "creditor" of Glenn's at the time of the alleged fraudulent conveyance; and (3) the complaint does not adequately allege Omalee's knowledge of, or participation in, the alleged fraudulent conveyance. In support of the first and second of the above points, Omalee asserts that Reagan had not taken the proper steps to protect her right to the past-due child support payments at the time that she filed the instant action and particularly that she had not at that time requested a money judgment in the amount of the past-due payments or taken steps to impose a lien on the real estate which is the subject of this litigation.

Reagan's amended complaint alleged in pertinent part: (1) that in September 1975, Glenn Baird was ordered to pay $25 per week child support to Reagan, his former wife; (2) that in an attempt to collect a delinquency of approximately $3,700 in Glenn's child support payments, Reagan, in August 1981, filed a petition for a rule upon Glenn to show cause why he should not be held in contempt for failure to make the payments; (3) that on the day after Baird received notice of the above petition, he, along with his present wife Wanda J. Baird, deeded a described parcel of real estate to Omalee; (4) that the above transfer of real estate was "executed with the intention and purpose of defrauding [Reagan] and preventing her from recovering a lien upon said real estate"; (6) that on March 10, 1982, a judgment in the amount of $3,500 was entered against Glenn Baird in the proceedings on Reagan's petition for a rule to show cause; and (7) that as a result of the above described fraudulent transfer, Glenn Baird divested himself of sufficient property to satisfy the March 1982 judgment.

Attached to Reagan's amended complaint is a copy of a court order dated March 10, 1982, stating the $3,500 judgment against Glenn Baird for past-due child support. In addition to reciting the $3,500 judgment, that order contains a finding of contempt on the part of Glenn for failure to provide child support payments and reserves for future adjudication the question of assessment of attorney fees.

In addition to a request that Glenn be ruled to show cause, Reagan's August 20, 1981, petition, a copy of which is also attached to her amended complaint and which was the basis for the March 10, 1982, order, requested that the amount which Glenn owed Reagan for child support be satisfied by an assignment of the amount due him from the estate of Verne Baird (apparently the person from whom Glenn inherited the real estate which is the subject of the present litigation), that Reagan be awarded a reasonable amount of attorney fees and costs based on Glenn's failure to comply with the decree dissolving their marriage, and that Reagan be awarded such other and further relief as the court deemed equitable and just. The petition did not, however, specifically request entry of a money judgment against Glenn.

Also attached to Reagan's amended complaint and incorporated by reference therein is a copy of a deed dated August 22, 1982, in which Glenn and Wanda Baird quitclaimed to Omalee their interest in the real estate described in the amended complaint. The only consideration for the conveyance specifically mentioned in the deed is the nominal amount of $10.

In determining whether Reagan's amended complaint properly states the facts necessary to establish a fraudulent conveyance and a right on the part of Reagan to have it set aside, we first consider the relevant statutory provision which provides:

"Every gift, grant, conveyance, assignment or transfer of, or charge upon any estate, real or personal, or right or thing in action, or any rent or profit thereof, made with the intent to disturb, delay, hinder or defraud creditors or other persons, and every bond or other evidence of debt given, suit commenced, or judgment entered, with like intent shall be void as against such creditors, purchasers and other persons." (Ill. Rev. Stat. 1983, ch. 59, par. 4.)

In Illinois, fraudulent conveyances are generally divided into the categories of "fraud in law" and "fraud in fact." The distinction between the two categories lies in whether the transfer was supported by consideration. If there was no consideration, and the transaction directly impaired or tended to injure the rights of creditors, the transaction is

considered "fraud in law." In such cases, the intent or motive of the parties to the transaction is immaterial, and the plaintiff need not establish fraudulent intent on the part of the grantor or participation in the fraud by the grantee in order to obtain relief. *Second National Bank v. Jones* (1941), 309 Ill. App. 358, 33 N.E.2d 732.

The "fraud in fact" category, by contrast, consists of those cases where there was consideration for the fraudulent transfer. In order to establish the fraudulent nature of a conveyance supported by consideration, it is necessary to establish actual fraud on the part of the debtor and participation in the fraud by the grantee. However, if only a small consideration compared to the total value of the property conveyed is paid to the grantor, and the circumstances attending the transfer are extremely unfavorable to the fairness of the transaction (although insufficient to establish actual fraud), the conveyance is deemed fraudulent and void as to the grantor's creditors at the time of the conveyance to the extent of the difference between the consideration paid and the property's actual value. *Snyder v. Partridge* (1891), 138 Ill. 173, 29 N.E. 851; *Second National Bank v. Jones* (1941), 309 Ill. App. 358, 33 N.E.2d 732.

Considering Reagan's amended complaint as a whole (*People ex rel. Scott v. College Hills Corp.* (1982), 91 Ill. 2d 138, 435 N.E.2d 463), we are of the opinion that it adequately states that Reagan's right to collect past-due child support payments from Glenn Baird was disturbed, hindered or delayed by his alleged fraudulent conveyance to Omalee of real estate belonging to him. Contrary to Omalee's argument, the allegation that Glenn owed Reagan past-due child support payments is in itself a sufficient averment that Reagan is entitled to the protection of the statute relating to fraudulent conveyances, for persons owed obligations arising out of the marital relationship have been held to be "creditors" or "other persons" within the meaning of that statute. (See *Tyler v. Tyler* (1888), 126 Ill. 525, 21 N.E. 616; *Robertson v. Robertson* (1984), 123 Ill. App. 3d 323, 462 N.E.2d 712.) Omalee's assertion that it was necessary for Reagan to obtain a judgment in the amount of, or initiate legal action with respect to the past-due child support payments prior to initiating the present action is likewise unpersuasive, for it is not essential that a nontort claim be reduced to judgment, or that legal action be initiated with respect thereto, prior to a creditor's bringing an action to set aside an alleged fraudulent conveyance which has frustrated collection of such a claim. See *Menconi v. Davison* (1967), 80 Ill. App. 2d 1, 225 N.E.2d 139.

We finally consider Omalee's contention that the circuit court properly dismissed Reagan's amended complaint because it does not

adequately state Omalee's knowledge of, or participation in the alleged fraudulent conveyance. Although Reagan's amended complaint contains a statement that the conveyance was without consideration, the deed conveying the real estate from Glenn and Wanda Baird to Omalee, a copy of which is attached to the complaint as an exhibit, recites the payment of $10 "an other valuable consideration." Since facts set forth in exhibits attached to a complaint control over the allegations of the complaint itself (*Sangamon County Fair & Agricultural Association v. Standard* (1956), 9 Ill. 2d 267, 137 N.E.2d 487; *McCormick v. McCormick* (1983), 118 Ill. App. 3d 455, 455 N.E.2d 103), Reagan's amended complaint in effect states that there was consideration in the amount of $10 for the transfer. The recitation of "other valuable consideration" is, however, a mere conclusion (*Betty v. Knapp* (1935), 5 Cal. App. 2d 512, 43 P.2d 325; see also *Everett v. Gainer* (1967), 269 N.C. 528, 153 S.E.2d 90; *Tuttle v. Tuttle* (1978), 38 N.C. App. 651, 248 S.E.2d 896), which may be disregarded in determining whether Reagan's amended complaint states a cause of action. *Velle Transcendental Research Association, Inc. v. Esquire, Inc.* (1976), 41 Ill. App. 3d 799, 354 N.E.2d 622.

Because of the obvious disparity between the consideration of $10 which allegedly passed to Glenn and Wanda and the value of the property conveyed to Omalee, the conveyance was under the facts set forth in the amended complaint voluntary and fraudulent as to those who were creditors of Glenn Baird at the time thereof, to the extent that the value of the property conveyed to Omalee exceeds $10. (*Snyder v. Partridge* (1891), 138 Ill. 173, 29 N.E. 851.) The plaintiff need not establish participation in the fraud by the grantee or the grantee's knowledge of the fraud in order to have a voluntary and fraudulent conveyance of this type set aside. See *Bauer Grocer Co. v. McKee Shoe Co.* (1900), 87 Ill. App. 434; *Second National Bank v. Jones* (1941), 309 Ill. App. 358, 33 N.E.2d 732.

In sum, Reagan's amended complaint states all of the elements necessary to obtain an order setting aside the conveyance from Glenn Baird to Omalee to the extent that the value of the property conveyed exceeds $10. Since it contains no allegation that Omalee participated in the fraud, it does not, however, state the facts necessary to have the conveyance set aside to the extent that the value of the property is equal to or less than that amount. A detailed exposition of all of the cases cited by Omalee in support of her argument that we should reach a different result would serve no useful purpose; suffice it to say that we have examined all of those cases, and none are factually apposite to the case at bar.

For the reasons stated, the motion by defendant Omalee Baird to dismiss the appeal is denied. The judgment of the circuit court dismissing plaintiff's amended complaint is reversed and the cause is remanded to the circuit court for further proceedings not inconsistent with the views expressed.

Motion to dismiss denied. Cause is reversed and remanded with directions.

WEBBER and MORTHLAND, JJ., concur.