2020 IL App (2d) 190230
No. 2-19-0230
Opinion filed July 15, 2020

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| VICTORIA SCHAFFER, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 15-L-736 |
| | ) | |
| GREENVIEW HOME BUILDERS AND | ) | |
| CABINETRY DESIGNERS, INC.; YURI | ) | |
| BIRG; RICK HITON & ASSOCIATES, | ) | |
| INC.; ASSOCIATED BANK, N.A.; and | ) | |
| CHICAGO TITLE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | Honorable |
| (Associated Bank, N.A., and Rick Hiton & | ) | Michael J. Fusz, |
| Associates, Inc., Defendants-Appellees). | ) | Judge, Presiding |

JUSTICE BRIDGES delivered the judgment of the court, with opinion.
Justices Jorgensen and Hudson concurred in the judgment and opinion.

**OPINION**

¶ 1    This case arose from a residential construction project in which plaintiff, Victoria Shaffer, contracted with Greenview Home Builders and Cabinetry Designers, Inc. (Greenview), to build a new home in Highland Park. In her complaint, plaintiff alleged that Greenview did not complete the project and that there were deficiencies in the portions that it did complete. Plaintiff's original complaint named as defendants Greenview as well as its president, Yuri Birg, and Rick Hiton & Associates, Inc. (Hiton). Hiton had provided plaintiff with inspections and appraisals for her home

construction. In amended complaints, plaintiff also alleged counts against Associated Bank, N.A. (Associated Bank), and Chicago Title Insurance Company (Chicago Title).

¶ 2     Following the trial court's grant of summary judgment for Associated Bank and Hiton, plaintiff filed several postjudgment motions more than 30 days after the entry of the judgments. In a February 21, 2019, order, the trial court determined that it lacked jurisdiction to rule upon any pending postjudgment motions. On appeal, plaintiff argues that the trial court did not lose jurisdiction, or, in the alternative, that it was revested with jurisdiction. We conclude that the trial court lacked jurisdiction to rule on the pending postjudgment motions and was not revested with jurisdiction.

¶ 3                                I. BACKGROUND

¶ 4     On October 14, 2015, plaintiff filed her original complaint against Greenview, Birg, and Hiton. Plaintiff alleged five counts against Greenview, arising from its construction of her home, including breach of contract, express contractual indemnity, and negligence. Against Birg, plaintiff alleged one count of fraudulent misrepresentation, and against Hiton, plaintiff alleged one count of negligent misrepresentation. Her complaint sought compensatory damages, punitive damages, and attorney fees.

¶ 5     Plaintiff's first amended complaint, filed February 6, 2016, provided additional factual allegations but contained the same seven counts against the same three defendants.

¶ 6     Plaintiff moved for default judgments against Greenview and Birg on January 11, 2016. The trial court found them in default on January 21, and it set a hearing for February 24 for a prove-up of plaintiff's damages. At the February 24 hearing, the trial court entered a default judgment against Greenview and Birg, jointly and severally, in the amount of $352,577.70. Birg moved to vacate the default judgment on April 12, 2016, and the court vacated the default judgment

against Birg in August 2016. The default against Greenview remained, and Greenview filed for bankruptcy in the Northern District of Illinois on May 17, 2016.

¶ 7        On October 13, 2016, plaintiff filed a second amended complaint against the original three defendants[1] and added Associated Bank and Chicago Title. Plaintiff alleged two counts against Associated Bank: one for breach of contract and one for negligent misrepresentation. Against Chicago Title, she alleged one count for breach of contract. Her counts against the original three defendants remained the same.

¶ 8        On April 4, 2017, Birg filed for Chapter 7 personal bankruptcy in the Northern District of Illinois. As of that date, the proceeding against Birg in the trial court was stayed. On April 12, 2017, plaintiff voluntarily dismissed without prejudice her claim against Birg.

¶ 9        On May 9, 2017, the trial court dismissed with prejudice plaintiff's negligent-misrepresentation claim against Associated Bank, leaving only the breach-of-contract claim against it. On June 6, the court dismissed with prejudice plaintiff's sole claim against Chicago Title.

¶ 10       On February 13, 2018, Hiton and Associated Bank (hereinafter referred to collectively as defendants) moved separately for summary judgment on the one count remaining against each of them. Plaintiff responded to each motion, and the court heard oral argument on the motions.

---

[1] In her second amended complaint, plaintiff acknowledged the default judgment against Greenview but stated that the allegations remained against it "solely for the purpose of including certain allegations against GREENVIEW which are restated and incorporated into counts against other Defendants and for a potential Alter EGO claim against BIRG."

¶ 11 On June 14, 2018, the trial court granted summary judgment for defendants (June 14 order). The court determined that Associated Bank did not owe plaintiff a contractual duty and did not proximately cause plaintiff's alleged damages. The court ruled that Hiton did not owe plaintiff a legal duty and that plaintiff could not establish that she relied on Hiton's inspection reports.

¶ 12 The day after the trial court entered the June 14 order, the court e-mailed the parties regarding the entry of Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) language. The court noted that the case was still pending against Birg and Greenview, even though they were currently in bankruptcy court. Accordingly, the court continued, adding Rule 304(a) language to its order would be appropriate, and it asked if any parties objected to the entry of an amended order including the language. Plaintiff objected to the entry of the proposed amended order. Associated Bank responded that it did not object to the amended order, and it deferred to the court's decision. The court decided not to enter the amended order.

¶ 13 On July 25, 2018, plaintiff moved for leave to file a brief in excess of 15 pages, in order to support her forthcoming motions to reconsider the June 14 order. On August 1, 2018, the trial court denied plaintiff's motion for leave to file a brief in excess of 15 pages, and it entered a briefing schedule for her motions to reconsider. The hearing for both motions was set for September. Plaintiff filed her motions to reconsider on August 13, 2018, and defendants responded to her motions.

¶ 14 On August 31, 2018, Hiton moved to amend the June 14 order to include Rule 304(a) language. In addition to requesting Rule 304(a) language, Hiton argued that plaintiff's motions for reconsideration should be denied and/or stricken as untimely because they were filed more than 30 days after the June 14 order.

¶ 15   At a September 12, 2018, hearing, the court entered an amended briefing schedule for plaintiff's motions to reconsider and set a briefing schedule for Hiton's motion to add Rule 304(a) language. It set a hearing on all the motions for October 31. Before the hearing, plaintiff moved on October 23, 2018, for leave to file a third amended complaint.

¶ 16   At the October 31 hearing, the trial court questioned whether its June 14 order was a final order and, therefore, whether the court had jurisdiction to rule on the pending motions. The court set a briefing schedule on whether the order was final and whether it retained jurisdiction.

¶ 17   The trial court heard argument on the jurisdictional issue on February 21, 2019, and it ultimately ruled that the June 14 order was a final order. Accordingly, it determined that it had lost jurisdiction 30 days after the order was entered and that it had no jurisdiction to rule on the pending motions.

¶ 18   Plaintiff filed her notice of appeal on March 21, 2019.

¶ 19                                II. ANALYSIS

¶ 20   Plaintiff makes two primary arguments on appeal. First, she argues that the trial court erred when it determined that its June 14 order was a final order. Second, she argues in the alternative that, even if the June 14 order was a final order, the court was revested with jurisdiction to rule on the pending motions. We address her arguments in turn, and we review *de novo* questions relating to the trial court's jurisdiction. *Mehalko v. Doe*, 2018 IL App (2d) 170788, ¶ 16.

¶ 21                                A. Final Order

¶ 22   Plaintiff argues that, for multiple reasons, the trial court's June 14 order was not a final order. Broadly, those arguments are that (1) under section 13-217 of the Code of Civil Procedure (Code) (735 ILCS 5/13-217 (West 2018)), she could pursue claims against Birg after the June 14 order, and the trial court failed to properly consider and apply that section of the Code and (2) her

voluntary dismissal of Birg was not final and appealable, because Birg's bankruptcy stay rendered the June 14 order interlocutory.

¶ 23    Beginning with section 13-217 of the Code, plaintiff argues that, following her voluntary dismissal of Birg, she had the right to continue to pursue her claims against Birg until at least April 2020. See *id.* (providing that a plaintiff can refile or reinstate his or her case once within a year of dismissal or within the remaining limitations period, whichever is greater). Because section 13-217 operates as a savings statute and promotes resolving litigation on the merits, she had the absolute right under section 13-217 to reinstate her claim against Birg almost two years beyond the June 14 order. Thus, she contends, the order was not final, in that it failed to dispose of all of the parties' rights and responsibilities.

¶ 24    Plaintiff continues, arguing that the trial court failed to properly apply section 13-217. She cites a passage from the February 21, 2019, hearing, where the trial court stated that it had "some difficulty" with plaintiff's proposition that, even though Birg was voluntarily dismissed, "any orders as to disposing of the cases against other [d]efendants are not final until the statute of limitations runs as to [ ] Birg. I don't think that's the law." The court continued:

"That would suggest that summary judgment would never be final unless and until we wait whatever it is, three years, four years, or five years, until the statute runs as to [ ] Birg. He may or may not be brought back into the case. There may or may not be a new case against him. I suppose a lot depends on the bankruptcy court, but the fact is I don't think we have to wait that period of time. I think the order was, in fact, final and appealable as of June 14. I disposed of all of the issues, all of the rights as to all of the parties that were in the case on June 14."

Plaintiff contends that the June 14 order did not dispose of all the parties' rights. She asserts two reasons: first, plaintiff had an absolute right to reinstate her fraudulent-misrepresentation claim against Birg, and, second, the June 14 order did not dispose of that stayed claim on the merits. Plaintiff argues that defendants would not have to wait years to appeal, because they could request adding Rule 304(a) language to the June 14 order. Moreover, plaintiff argues that she would not necessarily have to file a new action to pursue her claim against Birg but, in fact, could file an amended complaint reinstating her claim against Birg.

¶ 25    Finally, plaintiff argues that Birg's bankruptcy stay was a separate basis that rendered the June 14 order interlocutory. She argues that she had 30 days after the bankruptcy stay was lifted to continue her claim against Birg. Plaintiff asserts that the June 14 order did not dispose of her right to continue to pursue her case against Birg once the bankruptcy stay lifted.

¶ 26    In separate briefs, defendants respond that the June 14 order was final and that the trial court lost jurisdiction 30 days thereafter. Further, neither section 13-217 of the Code nor Birg's bankruptcy preserved jurisdiction. They argue that the June 14 order was final because summary judgment resolved the two remaining claims in the case, that is, plaintiff's breach-of-contract claim against Associated Bank and her negligent-misrepresentation claim against Hiton. They contend that Greenview, Chicago Title, and Birg were no longer parties to the action: Greenview, because of the default judgment against it; Chicago Title, because plaintiff's one count against it was dismissed with prejudice; and Birg, because plaintiff voluntarily dismissed him. Defendants argue that section 13-217 did not prevent the June 14 order from being final, because plaintiff voluntarily dismissed Birg before the June 14 order was entered. Likewise, they argue, plaintiff's bankruptcy-stay argument fails because she voluntarily dismissed Birg before the order was entered.

¶ 27    Therefore, defendants continue, the June 14 order was immediately appealable and the trial court lost jurisdiction 30 days after its entry. Defendants argue that plaintiff's first postjudgment motion, filed July 25, 2018, was filed after the court had lost jurisdiction. Hiton specifically argues that, given that no timely postjudgment motion was filed, plaintiff's notice of appeal was untimely and, consequently, this court lacks jurisdiction on appeal. See *Peraino v. County of Winnebago*, 2018 IL App (2d) 170368.

¶ 28    We agree with defendants that the June 14 order was final. An order is final if it " 'ascertains and fixes absolutely and finally the rights of the parties in the lawsuit' " presented by the pleadings. *Estate of Prather v. Sherman Hospital Systems*, 2015 IL App (2d) 140723, ¶ 45. That is, an order is final when it determines the litigation on the merits so that, if affirmed, only the execution of the judgment remains. *Id.*

¶ 29    Final orders in the circuit court are appealable as a matter of right. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502 (1997). Once a final order is entered and 30 days have passed without a postjudgment motion, the circuit court will lose jurisdiction to rule on matters of substance or correct alleged errors involving the merits of a case. *Jayko v. Fraczek*, 2012 IL App (1st) 103665, ¶ 29; see *The Habitat Company, LLC v. Peeples*, 2018 IL App (1st) 171420, ¶ 15 (explaining that a circuit court has no authority to vacate or modify a judgment once 30 days have elapsed, unless a timely postjudgment motion has been filed). If a party fails to file a notice of appeal in the circuit court before the circuit court loses jurisdiction, the appellate court lacks jurisdiction to consider the merits of the case. *Peraino*, 2018 IL App (2d) 170368, ¶ 15; see Ill. S. Ct. R. 303(a) (eff. July 1, 2017).

¶ 30    Here, the June 14 order disposed of all remaining claims as to all remaining parties in the lawsuit, that is, plaintiff's two counts against Hiton and Associated Bank. Accordingly, it was a

final order and immediately appealable. As we explain *infra*, neither section 13-217 of the Code nor Birg's bankruptcy rendered the June 14 order nonfinal, because Birg was no longer a party to the litigation following his voluntary dismissal.

¶ 31    We first address the application of section 13-217 of the Code. Plaintiff is correct that she had the right to voluntarily dismiss her claim against Birg without prejudice at any time before a trial or a hearing began. 735 ILCS 5/2-1009(a) (West 2016); *Smith v. Bartley*, 364 Ill. App. 3d 725, 727 (2006) (when a party complies with section 2-1009(a), his or her right to a voluntary dismissal is, with very limited exceptions, "unfettered"). Plaintiff is also correct that, pursuant to section 13-217 (735 ILCS 5/13-217 (West 2018)), she could refile or reinstate her case once within one year of the dismissal or within the remaining limitations period, whichever was greater.[2]

¶ 32    The problem with plaintiff's application of the Code is that her unexercised right under section 13-217 to reinstate or refile her claim against Birg is not relevant to whether the June 14 order was final. Rather, relevant to the issue is that Birg's voluntary dismissal removed him from the litigation and that he remained removed. See *Reagan v. Baird*, 140 Ill. App. 3d 58, 61 (1985)

---

[2] In general, a plaintiff proceeding under section 13-217 does not reinstate an action but refiles it. *Dubina*, 178 Ill. 2d at 504. When there are multiple parties in an action, however, a circuit court has the discretion to vacate a voluntary dismissal and reinstate a claim. See *Ryan v. School District No. 47*, 267 Ill. App. 3d 137, 140 (1994); *Kalalinick v. Knoll*, 97 Ill. App. 3d 660, 664 (1981) (in a case involving multiple issues or parties, a court has discretion to vacate a voluntary dismissal and reinstate the complaint pursuant to Rule 304(a)). We note that plaintiff never sought leave in the trial court to vacate Birg's voluntary dismissal.

(explaining that a voluntary dismissal constitutes a termination of the action with respect to the dismissed defendant even when the dismissal is without prejudice); see also *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 39 ("A voluntary dismissal *** terminates the entire action and renders immediately appealable all final orders entered therein ***."). When the trial court granted summary judgment for Hiton and Associated Bank, plaintiff had no remaining claim against Birg. Plaintiff's argument conflates her right to refile her claim against Birg with her having a pending claim in the trial court when the June 14 order was entered. See *Reagan*, 140 Ill. App. 3d at 61 (explaining that a voluntary dismissal places the litigation in the same posture as if no suit had ever been filed against the dismissed defendants and that, after their dismissal, the cause is in the same condition as if originally brought against only the remaining defendants).

¶ 33    We also disagree that plaintiff's cited case law applies to this case. She cites *Moore v. One Stop Medical Center*, 218 Ill. App. 3d 1011 (1991), but *Moore* did not involve a voluntary dismissal; it involved a dismissal for want of prosecution. *Id.* at 1015-16. Importantly, our supreme court has distinguished voluntary dismissals, which generally are final orders, from dismissals for want of prosecution, which generally are not. See *Swisher v. Duffy*, 117 Ill. 2d 376, 379-80 (1987). Plaintiff also cites *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489 (1998), but, again, that case addressed a dismissal for want of prosecution. There, our supreme court held that the dismissal for want of prosecution became a final and appealable order only after the period to refile under section 13-217 had expired. *Id.* at 502.

¶ 34    Instead, we find *Dubina*, 178 Ill. 2d 496, controlling. In *Dubina*, our supreme court addressed whether the defendant, Litgen, could appeal certain final orders after the plaintiffs voluntarily dismissed their suit against him but later refiled their claims in the circuit court. *Id.* at 498-99. The plaintiffs settled their claims against all defendants except Litgen, and the circuit court

entered orders finding that the settlement agreements were made in good faith. The plaintiffs then voluntarily dismissed their claims against Litgen without prejudice. *Id.* at 500. Litgen appealed the orders certifying the settlement agreements. While the appeal was pending, the plaintiffs filed a new action against Litgen in the circuit court, and the appellate court dismissed the appeal for lack of jurisdiction. *Id.* at 500-01. It reasoned that the refiling transformed the appealed orders from final orders into nonfinal orders. *Id.* at 501.

¶ 35    The supreme court reversed the appellate court, holding that the circuit court's settlement orders were final orders. *Id.* at 503, 509. Although the circuit court's settlement orders were not immediately appealable because other claims were pending, the orders became appealable once the plaintiffs voluntarily dismissed their remaining claims. *Id.* at 503. The supreme court explained that the plaintiffs' refiled action was an "entirely new and separate action, not a reinstatement of the old action." *Id.* at 504. The supreme court declined to create a special exception to Rule 301 whereby the plaintiffs' refiling of the action would transform final orders into nonfinal ones. *Id.*

¶ 36    *Dubina* makes clear that plaintiff's right to refile a claim under section 13-217 following a voluntary dismissal would not transform final orders into nonfinal orders. One difference between *Dubina* and this case was the order of the dismissals: Birg's voluntary dismissal preceded the June 14 order, whereas Litgen's voluntary dismissal followed the settlement orders. We do not believe that this difference warrants a contrary result. Here, like the settlement orders in *Dubina*, Birg's voluntary dismissal was final but was not immediately appealable only because other claims remained pending as to other defendants. Consistent with *Dubina*, once all claims as to all parties were disposed of in this case, all final orders became immediately appealable, regardless of plaintiff's right to refile pursuant to section 13-217. Moreover, if plaintiff were to refile her claim

against Birg, her refiled action would constitute a new and separate action and would not render the June 14 order nonfinal.

¶ 37     Turning from section 13-217, we are likewise unpersuaded by plaintiff's argument that Birg's bankruptcy stay rendered the June 14 order interlocutory. While the impetus for plaintiff's decision to voluntarily dismiss Birg was his bankruptcy stay, the salient fact remains that she voluntarily dismissed her claim against Birg. Even if the bankruptcy stay had lifted prior to the June 14 order, she would have had to vacate her voluntary dismissal against Birg before she could reinstate her claim, and whether to vacate Birg's dismissal would be in the trial court's discretion. See *supra* ¶ 31 n.2. After his dismissal, Birg was no longer a party, and therefore plaintiff did not have a pending claim against him or any other party following the June 14 order. Thus, the June 14 order was final, and Birg's bankruptcy stay is another red herring.

¶ 38     Because the June 14 order was a final order, we conclude that the trial court lacked jurisdiction to entertain plaintiff's postjudgment motions, because no motions were filed within 30 days following the entry of the June 14 order.

¶ 39     As to Hiton's argument that we lack jurisdiction over the appeal, because plaintiff failed to file a timely notice of appeal, we agree that the notice of appeal was untimely as to the June 14 order and thus we cannot review the merits of the case. See *Peraino*, 2018 IL App (2d) 170368, ¶ 15. However, the notice of appeal was not untimely as to the trial court's February 21, 2019, order. In any event, a circuit court's lack of jurisdiction is not a complete bar to the appellate court's exercise of jurisdiction, but it instead limits our review to the issue of jurisdiction below, which is what we reviewed here. *People v. Bailey*, 2014 IL 115459, ¶ 29.

¶ 40                                B. Revestment Doctrine

¶ 41     Having concluded that the trial court's June 14 order was final, we turn to plaintiff's alternative argument that the trial court was revested with jurisdiction after the entry of the June 14 order. Plaintiff argues that, more than 30 days after the June 14 order was entered, the trial court heard her two motions to reconsider and Hiton's motion to add Rule 304(a) language to the order. She notes that defendants responded to her motions and participated in oral argument. Plaintiff relies on *Ridgely v. Central Pipe Line Co.*, 409 Ill. 46 (1951), and *Gentile v. Hansen*, 131 Ill. App. 3d 250 (1984), for support, and she argues that the criminal cases that defendants cite are distinguishable from the civil cases that she cites. She maintains that *Ridgely* remains good law and controls the current case.

¶ 42     Defendants respond that the revestment doctrine applies only where both parties actively participate, without objection, in proceedings that are inconsistent with the merits of the prior judgment. They argue that the doctrine is to be interpreted narrowly and that, if one party opposes setting aside the prior judgment, jurisdiction is not revested. They note that they participated in proceedings consistent with the June 14 order. That is, they responded to plaintiff's motions to reconsider by arguing that the trial court properly granted summary judgment in their favor. Moreover, they contend that Hiton's motion to add Rule 304(a) language did not ignore the June 14 order but sought finality in the case by enabling an appeal.

¶ 43     We agree with defendants. Revestment is an equitable principle, and it refers to the circuit court reacquiring jurisdiction over a case after the court has lost jurisdiction due to the entry of a final order and the passage of 30 days. *Illinois Bone & Joint Institute v. Kime*, 396 Ill. App. 3d 881, 886 (2009). Under the revestment doctrine, the circuit court may regain jurisdiction if (1) the parties actively participate in proceedings without objection and (2) the proceedings are inconsistent with the merits of the prior judgment. *Lowenthal v. McDonald*, 367 Ill. App. 3d 919,

924 (2006). Importantly, our supreme court has clarified that both parties must assert positions that are inconsistent with the merits of the prior judgment *and* support the setting aside of at least part of that judgment. *Bailey*, 2014 IL 115459, ¶ 25; see *Nwaokocha v. Illinois Department of Financial & Professional Regulation*, 2018 IL App (1st) 162614, ¶ 47 (citing *Bailey*, 2014 IL 115459, ¶ 25); *Tuna v. Airbus, S.A.S.*, 2017 IL App (1st) 153645, ¶ 28 (citing *Bailey*, 2014 IL 115459, ¶ 25). For example, in *Nwaokocha*, 2018 IL App (1st) 162614, the appellate court held that the circuit court was revested with jurisdiction on remand in a case involving a dispute over the plaintiff's suspension of his medical license stemming from a violation of the Medical Practice Act of 1987 (225 ILCS 60/1 *et seq.* (West 2012)). The *Nwaokocha* court reasoned that both the plaintiff and the defendant participated in the proceedings on remand, neither objected to the circuit court's review, and both challenged the plaintiff's revised suspension. *Nwaokocha*, 2018 IL App (1st) 162614, ¶ 49. Specifically, the plaintiff sought a stay of the suspension, and the defendant argued that the initial suspension—for a minimum of three years instead of without a minimum period— was appropriate. *Id.* ¶¶ 1, 49.

¶ 44    Here, defendants did not act inconsistently with the merits of the June 14 order and did not support setting aside all or part of the order. Following the entry of the June 14 order, defendants responded to plaintiff's motions to reconsider, which was consistent with preserving summary judgment in their favor. While Hiton moved to add Rule 304(a) language to the June 14 order, the motion was not, on its own, inconsistent with the June 14 order. Rather, we agree that such a motion was consistent with seeking finality of the judgment. Finally, defendants also participated in postjudgment hearings, but at no point in the hearings did they challenge the merits of the June 14 order or argue that it should be set aside in part or in full. Rather, the hearings concerned briefing schedules and argument about whether the trial court's jurisdiction had lapsed.

¶ 45 We also reject plaintiff's arguments that *Ridgely* controls and that *Bailey* and other criminal cases are distinguishable because they are criminal cases. *Bailey* did not specifically limit its holding to criminal cases. Not only did the supreme court examine civil cases in reaching its holding in Bailey (*Bailey*, 2014 IL 115459, ¶¶ 20-21, 25), but also subsequent civil cases have applied *Bailey* to determine whether revestment occurred (see *supra* ¶ 43; *Peraino*, 2018 IL App (2d) 170368, ¶ 15, 23). *Bailey* clarified "the parameters of the revestment doctrine," and it concluded that, for a proceeding to be inconsistent with the prior judgment, a party must do more than "simply *** fail to object on the basis of *** untimeliness or the finality of the prior judgment." *Bailey*, 2014 IL 115459, ¶ 1. *Bailey* controls this case, as it was decided by our supreme court, it was decided more recently than *Ridgely* and *Gentile*, and it specifically resolved whether parties merely appearing and failing to object is sufficient to revest jurisdiction. Because defendants did not act inconsistently with the June 14 order or seek to set it aside, the trial court was not revested with jurisdiction to hear any pending postjudgment motions.

¶ 46                                III. CONCLUSION

¶ 47 For the reasons stated, we conclude that the Lake County circuit court lacked jurisdiction to rule on pending postjudgment motions plaintiff filed more than 30 days after the June 14 order, and we therefore affirm its February 21, 2019, order determining that it lacked jurisdiction.

¶ 48 Order affirmed.

**No. 2-19-0230**

| | |
|---|---|
| **Cite as:** | *Schaffer v. Greenview Home Builders & Cabinetry Designers, Inc.*, 2020 IL App (2d) 190230 |
| **Decision Under Review:** | Appeal from the Circuit Court of Lake County, No. 15-L-736; the Hon. Michael J. Fusz, Judge, presiding. |
| **Attorneys for Appellant:** | Jon B. Masini, of Masini, Vickers, Ruksakiati & Hadsell, P.C., of Chicago, for appellant. |
| **Attorneys for Appellee:** | Craig M. Capilla and Allie K. Haling, of Franklin Law Group, of Northfield, for appellee Rick Hiton & Associates, Inc. |
| | Travis J. Eliason and Mark W. Bina, of Quarles & Brady LLP, of Chicago, for other appellee. |